RIGDEN vs. MARTIN.

APPEAL from a decree of *Baltimore* county court. The bill, which was filed by the appellee, (the complainant below,) was for an account, and to recover from the defend-

Arbitrators must give the parties concerned notice of the time and place of their meeting on the arbitration.

It is not necessary, however, that the award itself should state that such notice was given.
To impeach an award for the want of notice, or on account of any other fact, *de hors* the award, an application, supported by affidavit, must be made to set it aside.
Where arbitrators are authorised, on their differing in opinion, to call in a third person, they may call him in immediately, and before they differ.
An award is not vitiated by the arbitrators joining with the umpire in making it.
Where a decree states that the cause was *ready for hearing*, it will be presumed by the appellate court that it was, though it does not appear to have been set down for hearing.

1825.

Rigden
vs
Martin

ant, (the appellant,) the balance that might be found due by him to the complainant. It is unnecessary to state the facts set forth in the bill; they were substantially denied by the answer. A commission was issued to take testimony, which was executed and returned. The cause was afterwards referred to two arbitrators, who were, if they disagreed, to choose a third person, and they, or any two of them, after adjusting the dispute between the parties, were directed to return their award, in writing, to the court. The arbitrators did select a third person, without its appearing that they had first differed in opinion, and the three returned this award: "The above named referees *J. W. Collins* and *Josh. Jamison*, having chosen *Robt. C. Long* as a third person in the above case, said persons have agreed to the following award, that is, that *Jno. E. Rigden*, in their judgment, (agreeably to the papers and other circumstances,) is indebted to *Jno. Martin*, for carpenter's work, &c. on the house in *St. Paul's* street, the sum of five hundred and fifty dollars, and costs of suit. As witness our hands, this 2nd of November 1822. Charges to be paid to referees, exclusive of above, fifteen dollars—total five hundred and sixty-five dollars.

*Jas. W. Collins,*

*Jos. Jamison,*

*Robert Carey Long.*

To this award the appellant filed several objections, which the court below, [*Hanson* J.] overruled, and passed the following decree: John Martin vs. John E. Rigden. Baltimore County Court, sitting as a court of equity. This cause standing ready for hearing, the bill, answer, exhibits and award, being read and considered, it is by this court, and the authority thereof, this 7th of December, 1822, adjudged, ordered and decreed, that the said defendant, *John E. Rigden*, pay to said *John Martin*, the sum of five hundred and fifty dollars, with interest from the second day of November, eighteen hundred and twenty-two, and costs of suit, including the costs of the arbitrators.

*Chs. W. Hanson.*

From this decree the appellant appealed. The nature of the objections to the award sufficiently appears in the points made by the appellant's counsel, and hereafter mentioned.

The cause was argued before BUCHANAN, Ch. J. EARLE, MARTIN, STEPHEN, and ARCHER, J.

*R. Johnson*, for the Appellant, contended, that the decree was erroneous, 1. Because the award, on which it was founded, showed on its face that the arbitrators had called to their assistance a third person, before they had themselves differed in opinion. 2. Because there was no evidence that the appellant had had notice of the time and place of the meeting of the arbitrators. 3. Because the objections which were filed to the award were not expressly overruled by the court below, or at all noticed in their decree; and 4. Because the cause was not ready for a decree at the time the decree was passed.

On the first point he cited *Kyd on Awards*, 91.

On the second, *Walker vs. Frobisher*, 6 *Vez.* 70; and *Hood vs. Leake*, 12 *Vez.* 412.

On the last, *Cressey vs. Carrington*, 1 *Vern.* 469.

*J. Glenn*, for the Appellee, on the first point, cited *Calwell on Arbitration*, 123, 124. *Spriggins vs. Nash*, 5 *Maule & Selw.* 193; and *Kyd on Awards*, 6.

On the second, *Hawkins vs. Colclough*, 1 *Burr.* 274. *Ryan & Moody's N. P. Rep.* 17. *George vs. Lousley*, 8 *East*, 13; and *Tillard's Lessee vs. Fisher*, 3 *Harr. & M'Hen.* 118.

MARTIN, J. delivered the opinion of the court. A bill was filed on the equity side of *Baltimore* county court, by *John Martin* against *John E. Rigden*, on a contract entered into between them, and others, who had associated themselves together to build certain houses in the city of *Baltimore*. After testimony had been taken under a commission returned to the court, upon the application of the parties, all matters in dispute in the cause depending were referred, by order of court, to *James W. Collins* and *Joseph Jamison*, and if they should disagree, to choose a third person; and an award made by them, or any two of them, in writing, should be final between the parties. The arbitrators returned to the court an award in the following words: (He here stated the award.) A motion was made to set aside this award; and two objections are made to the validity of it. 1st. It does not appear notice was given to the parties of the time the arbitrators were to meet. 2d. It does not appear that the original referees disagreed, before a third person was appointed, or that he acted *only after* such disagreement.

1825.

Rigden
vs
Martin

1825.

Rigden
vs
Martin

The award is in general terms; it sets out neither the submission, notice, or any disagreement. It states them to be referees, and the appointment of *Robert C. Long*, as a third person, &c. and it is signed by all three.

It has not been contended, that it is necessary to state those facts in the award, but that they must be proved, and unless proved, the award will not be enforced by the court.

That the parties ought to have notice of the time of meeting, is a position so strongly supported by common justice, that it would seem not to require the aid of authorities. Every man ought to have an opportunity afforded him to be heard in defence of his rights; and it is with surprise we find in one case, *Lord Hardwicke* is made to say, notice is not necessary. 3 *Atk.* 529. This opinion, however, is overruled by many authorities. In *Kyd on Awards*, 95, it is stated, "when the person to whom the parties have agreed to refer the matters in dispute, has consented to undertake the office, he ought to appoint a time and place for examining the matter, and *give notice* of such appointment to the parties, or their attornies." So in 96—"The arbitrators may adjourn from time to time, *giving notice*, as at first, of the time and place of every subsequent meeting." And in 101—"If an umpire is chosen, he must also give notice to the parties of the time and place of meeting. See also *Caldwell on Arbitration*, 45. *Falconer vs. Montgomery, et al.* 4 *Dallas*, 232.

It is equally clear, the original referees may choose the third person before they disagree, and this course is recommended by some of the judges. *Kyd*, 87. *Caldwell*, 40. *Roe vs. Doe*, 2 *Term Rep.* 644, 645. *Harding vs. Watts*, 15 *East*, 556.

Whether *Long* acted before or after the disagreement of *Collins* and *Jamison*, is unimportant in this case. Had the award been signed by *Long*, and only one of the original referees, it would then have been necessary to consider that question; here it was signed by all three of them. The submission did not authorise an umpire to be appointed; for an umpire, technically speaking, when he takes charge of the case, takes it exclusively to himself, and divests the original arbitrators of all power to proceed in it, and the award is to be made by him alone. 3 *Blk. Com.* 15. The submission in this case is different. If *Collins* and *Jamison* could not agree, they were to choose a third person. Their

power to proceed did not cease upon this appointment, but they were to go on conjointly with him, and the award of all three, or any two of them, was to be binding on the parties.

If they disagreed, before *Long* acted, there can be no doubt the award was good, because it was strictly within the terms of the submission. If they had not disagreed, it would be the award of the two original referees. Being signed by *Long* would be surplusage, and would not vitiate it. *Caldwell*, 42. *Soulsby vs. Hodgson, (S. C.)* 3 *Burr.* 1474. 1 *Wm. Bl. Rep.* 463. 4 *Taunt.* 232. 2 *John. Ch. Rep.* 553. These authorities establish the position, that "where arbitrators, having chosen an umpire, afterwards join with him in making the award, this does not vitiate it; since in law it is the award of the umpire *only*, who may take what advice, opinion or assessors, he will"—and *e converso*, the umpire signing the award, does not vitiate it; it would be the award of the original referees, who might take what advice, opinion or assessors, they choose.

The consideration of those questions, however, is not necessary in deciding the case now before us, because the defendant did not pursue the course below, to bring them properly before that court. The award is silent, both as to notice and the disagreement of the referees, and of course these objections do not appear on the face of it. If they can be established, it must be by testimony *de hors* the award, and in that case, an application to set it aside, must be founded on affidavit. *Caldwell*, 177, 178. 2 *Tidd's Prac.* 762, 835. *Dick vs. Milligan*, 2 *Ves. jun.* 28. In this last case, it is said, "if you proceed upon any thing arising on the face of the award, compared with the proceedings in the cause, by which it appears there is something in the award which ought not to be there, or something omitted which ought to be in it, that is proper matter for exception. Any thing *de hors* the award must come upon affidavit. This doctrine is confirmed by a decision of this court at June term 1823, in the case of *Cromwell vs. Owings, (ante* 12, 13.) No affidavit appears in the record, and the motion was not properly before the court.

There is nothing in the objection, that the decree was passed without setting the cause down for hearing. The court state the cause then stood *ready* for hearing, and we will presume all pre-requisites were complied with.

DECREE AFFIRMED.