### CALEB G. FORSHEY v. THE G. H. AND H. RAILROAD COMPANY.

Where the petition for the writ of error described the judgment as "a judgment against your petitioner, for the costs of said suit, in favor of said defendants, the precise amount of which petitioner is unable to state ;" and the judgment sent up was to the effect, that an award of arbitrators, sought to be made the judgment of the Court, be set aside, and the suit be dismissed, and defendants recover of the plaintiff all the costs incurred ; it was held that the description of the judgment was sufficient, and a motion to dismiss was overruled.

An averment in the petition for a writ of error, that the defendant in error is not a resident of the State, will authorize service on the attorney.

In construing statutes which are not penal nor liable to be used oppressively, the Court will not stop at the literal terms, nor stand upon form and circumstance, but will go to the effect and subtance of the matter.

Where the statute which provided a mode of submitting causes to arbitration, enacted that each party should choose one arbitrator, and if the arbitrators thus chosen failed to agree, an umpire should be chosen by them, and it was

objected that the award was not a good statutory award, on the ground that by the terms of the agreement each party appointed an arbitrator, who then appointed a third man, and the cause was tried by all three in the first instance ; it was held, that the objection went to the form merely, and was invalid.

Although two parties, in entering into an agreement to arbitrate, may not have intended to pursue the statutory remedy ; yet, if their agreement does not depart in substance from the provisions of the statute, (although it fail in several respects, in matters of form, to conform to the statute,) and the parties afterwards cause the agreement to be filed in Court and proceed thence forward under the statute, the award will be a good statutory award.

A clause in an agreement of arbitration, that the unsuccessful party should comply with the award within ten days after notice thereof, is no objection to making the award the judgment of the Court, where the agreement has been filed, &c., under the statute.

This case distinguished from Owens v. Withee, 3 Tex. R. 164.

Where no appeal has been reserved in an agreement to arbitrate, and there has been a substantial compliance with the statute, the award must be made the judgment of the Court, unless there appear to have been fraud in the party, or partiality, misconduct or gross mistake on the part of the arbitrators ; and see this case for where it was held that the objections to the award did not amount to an allegation of partiality or gross mistake.

Where objections were filed to making an award the judgment of the Court, which were sustained, on appeal the Court reversed the judgment, and rendered judgment on the award, refusing to remand the case to give the defendant an opportunity to amend his objections.

Error from Galveston. Tried before the Hon. Nelson H. Munger.

Motion to dismiss the writ of error on the ground that the petition did not contain a sufficient description of the judgment, and on the ground that the citation in error was served on the attorney, instead of on the defendant in error.

The judgment was as follows : This day came the parties by their attorneys ; on motion of defendants it is considered and adjudged that the award of the arbitrators, returned and filed herein, be and the same is hereby set aside ; that this cause be, and the same is hereby dismissed, and that defendants recover from the plaintiff all the costs herein incurred.

The petition for writ of error read : that at the Spring

Term of the District Court of Galveston County, in a certain suit then pending in said Court, wherein your petitioner was plaintiff, and The Galveston, Houston and Henderson Railroad Company were defendants, a judgment was rendered against your petitioner for the costs of said suit, in favor of said defendants, the precise amount of which petitioner is unable to state. Petitioner represents that in said judgment, and in the record and proceedings of said Court in said cause, divers and manifold errors have intervened and occurred, as is manifest in said record. Petitioner says that the defendants, as petitioner is informed and believes, reside beyond the limits of this State, and are non-residents of the State, and that Henry N. Potter and M. M. Potter, who reside in Galveston County, are, or one of them is, the attorney or attorneys of record of said defendants in said cause. Petitioner says that R. B. Kimball, who is or was President of said Company, resides, as he is informed and believes, in the City and State of New York. Wherefore petitioner prays, &c.

The names of H. N. & M. M. Potter appeared in the record, as attorneys for the Railroad Company. The citation in error was returned served on Henry N. Potter. The citation did not add to the description of the judgment.

The case presented by the record was as follows :

GALVESTON, HOUSTON AND HENDERSON RAILROAD COMPANY OFFICE, No. 49, Wall Street, New York, October 4th, 1854.

Differences having arisen between the Galveston, Houston and Henderson Railroad Company and Caleb G. Forshey, in relation to the amount claimed by him for services due from said Company : now it is hereby agreed by and between said Company and said Forshey, to submit all matters and differences, between said Company and said Forshey, to the arbitration, award and decision of three persons to be chosen as follows : The said Company to select one and the said Forshey to select one ; and the two thus selected to select a third

man. It is agreed that the decision of the three persons thus chosen, or any two of them (but all to sit and act as arbitrators) shall be binding on both parties hereto and final in the premises. Testimony to be adduced before said arbitrators on all points as in a Court of law, and the same rules of evidence applied to the hearing thereof : and any further documents, necessary in Texas to make the decision or award of the arbitration legally binding, to be hereafter executed ; and that the said arbitrators be authorized to find the amount of damages, if any, sustained by said Company, by reason of the negligence, want of skill or due diligence, waste or extravagance of said Forshey in the premises. And said arbitrators are also authorized, should they find the Company indebted in any amount to said Forshey, to deduct the damages, if any, sustained by said Company, therefrom ; and should the damages so found exceed such indebtedness, then the arbitrators shall award the excess in favor of the said Company. The amount awarded to either party, to be paid in cash in ten days after the notice of such award is served. (Signed by Forshey and by the Company, by Richard B. Kimball, President.) Endorsements, without date, of appointment of Williliam R. Smith by Forshey, and of Philip C. Tucker by the Company, and of Hugh McLeod by Smith and Tucker. Agreement filed in District Court, Galveston County, December 13th, 1854. Same day certificate of Clerk endorsed, to the effect that the arbitrators named appeared and made oath in due form of law, as arbitrators in accordance with the annexed agreement.

There was an agreement in the record, signed by the attorneys of the parties, to the effect that the original agreement to arbitrate had been mislaid since it was filed, and that a copy, annexed, should be filed instead thereof.

The arbitrators awarded that Forshey have and recover of said G., H. & H. R. Company, in full of his claim for services, the sum of $2,270 66, with interest at eight per cent. per an-

num from the date of the award. The award purported to be the decision of a majority of the arbitrators, but was signed by all.

Spring Term, 1855. Now come said defendants by their attorneys, and object and protest against the Court entering or rendering judgment against them, on what purports to be an award rendered by arbitrators in said cause, and defendants here show to the Court and state the following reasons and causes for such objection :

1st. The persons who pretended to act as arbitrators in said cause, were not appointed in the manner required by the laws of this State, in that each of said parties having chosen one arbitrator, said two arbitrators immediately and before the commencement of the trial of the cause, and, as defendants believe, before said two arbitrators had been sworn, proceeded to and did choose a third arbitrator to act with them in the trial of said cause, and the person so chosen by them, did act with them and during the entire trial of said cause, as an arbitrator therein, and signed and joined in the pretended award rendered therein.

2nd. The Clerk of the District Court of said County did not fix meetings and adjournments of said board of arbitrators more than four or five times, although said arbitrators met and adjourned during the progress of the trial of said cause about twenty times.

3rd. Said arbitrators had, as defendants are advised and believe, no legal power to award the said plaintiff interest on the amount awarded him by them against defendants, as they have done in and by their award.

4th. Plaintiff's claim against defendants, set up and attempted to be proved in said cause by him, was as Civil Engineer in the construction of a railroad for defendants, for which he claimed a balance of compensation at the rate of wages of four hundred dollars per month, and said board allowed said plaintiff the sum of twelve hundred dollars for the months of

August, September and October, 1853, although said plaintiff did not claim such sum for said time, as is shown by an account furnished by said plaintiff and filed in said cause marked A, and to which reference is here made ; also, although the attorney of plaintiff, during the trial of said cause, stated in the presence of said arbitrators and before them, more than once, that plaintiff did not claim the said sum of four hundred dollars per month for said before mentioned months, but thought he ought to be allowed something ; and said arbitrators also allowed said plaintiff in their said award, the sum of four hundred dollars for one month subsequent to his having been discharged from the service of said defendants, and when he was in no way in their employment, and for which plaintiff had no lawful claim against defendants ; and defendants say that said sum of twelve hundred dollars and said sum of four hundred dollars were allowed by said arbitrators, and enter into and form much the largest part of the amount awarded by said arbitrators in favor of the plaintiff against defendants.

5th. By the arbitration agreement, on file in said cause, it was stipulated that the board of arbitrators to be appointed under the same, should be authorized to find the amount of damages, if any, sustained by said Company by reason of the negligence, want of skill or due diligence, waste or extravagance of the said Forshey in the premises, in relation to which said arbitration was to be had, and on the trial of said cause it was proved that the grading of the Railroad track, under his charge as Engineer, cost the Company, including all expenses, more than double what it should reasonably have cost, and more than eleven thousand dollars more than it should have done, with proper skill, care and economy, on the part of Forshey, the said plaintiff, and that said Company was thereby greatly damaged, yet said arbitrators made no charge against said plaintff or allowance to defendants on account thereof. (Sworn to by Thomas D. Chapman, agent of the Company.) Filed June 7th, 1855.

Motion by defendants filed June 8th, to re-refer or try in Court, referring for cause to the objections filed. Motion by plaintiff, June 13th, for judgment on the award.

June 14th. And now comes the plaintiff and excepts to the objections and opposition to having the award of the arbitrators made the judgment of the Court, filed by defendants, and says that said objections are insufficient, &c., and for special cause.

1st. The first objection assigned by defendants is insufficient in this much as it appears by the record that the appointment of arbitrators was made in the manner stipulated in the agreement of submission ; and in as much as it appears that the parties proceeded to trial before the arbitrators without interposing any objection.

2nd. Said second objection is insufficient, in that it is frivolous—because the parties proceeded to the final trial, without making any objection to the time or place of meeting of the arbitrators.

3rd. Said third objection is insufficient, because the sum awarded might well bear interest from the time of the award, without any award in relation to interest.

4th. The fourth objection is insufficient in that it is not supported by the record or other proof ; alleges no fraud, mistake or injustice ; shows no material fact, and so far as it pretends to state facts, is contradicted by the record.

5th. Said fifth objection is insufficient, in that it seeks to try anew, issues that were submitted to, and tried by, the arbitrators, without averring any fraud, partiality or mistake on the part of the arbitrators.

And in case his exceptions be overruled, then he denies all and singular the allegations in the defendant's objections contained.

June 22nd, on motion of defendants, judgment that the award be set aside, cause dismissed and defendants recover all the costs herein incurred. Notice of appeal by plaintiff.

Bill of exceptions : that when this case was called for trial, the Court overruled the exceptions of the plaintiff, to the objections filed by the defendants, and decided that upon the face of the record and papers, this was not a submission in conformity with the statute entitled an Act to authorize the settlement of disputes by conciliation or arbitration ; that the Court had no jurisdiction of the matter ; and dismissed said cause without hearing any proof in support of the objections filed by defendants.   To which plaintiff excepts, &c.

*J. B. & G. A. Jones*, for appellant.  The statute requires no particular form in which the agreement should be drawn ; simply that it shall be an agreement to arbitrate ; shall be in writing and filed with the Clerk.   And the rule required that this statute shall be construed most liberally in favor of the right to arbitrate, otherwise it would require much more professional skill and tact to obtain a trial by arbitration, than by a regular suit at law.

The jurisdiction of the Court is one thing, and the mode or form of conducting the proceeding after the jurisdiction attached, is a very different thing.  The parties might well consent and agree to waive all the formalities prescribed by the statute as to the mode and time of appointing an umpire, and the form of conducting the trial.  That it was competent for them to do so ; and that the whole doctrine of waiver applies with peculiar force to such cases, we refer the Court to the following authorities : Risor v. Berry, 4 Randolph ; Bigelow v. Maynard, 4 Cushing, 317 ; Knowlton v. Homer, 17 Shep. 552; Howard v. Sexton, 1 Denio, 440 ; Talcott v. McKibben, 2 Martin, 342 ; Green v. Patihen, 13 Wendell, 293 ; Farmington v. Hamblin, 12 Id. 212 ; Wells v. Lain, 15 Id. 99 ; Fox v. Hazelton, 10 Pick. 275 ; Dreggs v. Morgan, 2 Lou. An. 153 ; Hughes v. Bywater, 4 Hill, 551 ; Harrison v. Wright, 13 Meeson & Wel.; Hallett v. Hallett, 5 Id.; Wood v. Doe, 2

Term R. 644 ; Bates v. Cook, Barn. & Cress.; Taft v. Luddington, 10 Barbour's Sup. Court R.

Plaintiff insists that the judgment of the Court below was erroneous, not only in that it set aside the award and dismissed the suit for want of jurisdiction, but that it is erroneous in that the Court refused to make the award the judgment of the Court, as the statute directs.

There was no reservation in the agreement of the right of appeal, and there is not even a plausible pretext in any or all of the objections to the award, why it should be set aside or why it should not be made the judgment of the Court.

That the Courts always regard with peculiar favor trials of this character, by judges of the parties' own choosing ; and that no ordinary or slight cause will induce the Courts to disregard the award ; and that awards, in the absence of fraud or gross mistake, have the conclusive effect of judgments, and can only be annulled for the same causes that judgment may be set aside, we refer to Brown v. Clay, 31 Maine (1 Red.) 518, (12 U. S. D. 48, Ar. 40 ;) Eddy v. Sprague, 10 Vermt. 216 ; Portland Co. v. Fox, 6 Shep. 117 ; Stien v. Wadsworth, 17 Vermt. 297 ; Johnson v. Noble, 13 N. H. 286 ; Boston Water Power Co. v. Gray, 6 Met. 131 ; Tankersley v. Richardson, 2 Stewart's Ala. R. 130 ; Goodwin v. Yarborough, 1 Id. 152 ; Dumpass v. Webb, 4 Porter, 65 ; Van Courtlandt v. Underhill, 17 Johns. 405 ; Brickhouse v. Hunter, 4 Hen. & Mun. 363 ; McKinstry v. Solomons, 2 Johns. Ch. Rep.; Harcourt v. Ramsbottom, 1 Jacob & Walker, 490 ; Dater v. McMurray & Wellington, 1 Hill ; Butler v. Mayor of N. Y., 1 Id. 489 ; Winship v. Jewett, 1 Barbour's Ch. Rep. ; Valentine v. Valentine, 2 Id.; Ryson v. Berry, 4 Randolph ; Cobb et al v. Parhan et al, 4 La. An. 148. For authorities see U. S. Chancery Dig., Title ARBITRATION AND AWARDS, Vol. 1, p. 86.

Everything will be intended in favor of an award. (Ott v. Schroeffell, 1 Seldon, N. Y. 482.) There then being no reservation of the right of appeal, and no cause shown why the

award should be set aside, this Court will render the same judgment on the whole case, as the Court below ought to have rendered. See The State v. Stewart, 12 Gill & John. 456.

*H. N. & M. M. Potter*, for appellee.[*] The agreement to arbitrate did not contemplate an arbitration under the statute or in Court. The mode provided for the appointment of the arbitrators was not in conformity with the statute. The mode of settlement of the award was not such as is contemplated by the statute : in fact there was not one provision of the arbitration agreement that looked like an attempt or intention to arbitrate under the statute. Such being the case, the District Court had not jurisdiction in any respect of the case, or of the pretended award of the arbitrators. (Hart. Dig. Art. 7, 10, 12 and 13 ; Owens v. Withee, 3 Tex. 161 ; Cox v. Giddings, 9 Id. 46.)

WHEELER, J. The petition for the writ of error contains more certainty of description, than in the case of Wright v. Williams, (12 Tex. R. 35,) in that it states the nature of the judgment. It could not be described by the amount, for the reason that it was for no certain sum. This is stated, and distinguishes it from any other judgment rendered for any certain amount. Though the description of it is less certain than it might have been, still we think it may be held sufficient under the practice of the Court ; which has been, as far as possible, to facilitate the remedy by dispensing with forms. The only effect of sustaining the motion would be to impose upon the party the needless expense and delay of proceeding anew.

It has been ruled expressly, (Roberts v. Sollebullus, 10 Tex. R. 352,) and is well settled by the uniform practice of the Court, that an averment in the petition for the writ of error, that the defendant in error is not a resident of the State,

---

[*] We find no briefs on the motion to dismiss.—REPS.

will authorize service on the attorney.   The motion to dismiss is overruled.


The case was submitted to the Court on the motion of the appellant to have judgment entered upon the award, the objections of the appellees, and the exceptions of the appellant to the legal sufficiency of the objections.   The Court overruled the exceptions and sustained the objections to the award, on the ground that the submission to arbitrate was not in accordance with the statute, and, consequently, the award not a good, statutory award.

If the Court was right in its judgment, it must be because, by the agreement of the parties, the two arbitrators chosen by them were empowered to choose and did choose a third arbitrator or umpire, before they had heard the evidence and ascertained that they could not agree : for in every other respect, there was a literal compliance with the statute.   It cannot be doubted that the parties have adopted and pursued, substantially, the statutory remedy.   If they have not entitled themselves to all the benefits of that mode of trial, it is because there has not been a technical compliance with the very letter of the statute, in respect to the time of choosing an umpire ; and because the proceeding under the statute is to be construed strictly, so as to require an exact, technical, and literal compliance with its provisions.   It must be admitted that this would be to apply to this statute and the proceedings under it, a strictness of construction which has never been applied, and is not warranted by any principle by which Courts are governed, in the construction of statutes regulating civil proceedings in general.   Such strictness is applied only in the construction of penal statutes, or proceedings under statutes which, it is deemed, may operate harshly or oppressively : as proceedings under attachment laws ; which are construed strictly, and sometimes even literally, in reference to the re-

quirements of those laws. But to apply such a construction to the " Act to authorize the settlement of disputes by conciliation or arbitration," would not be in accordance with any principle heretofore applied in the construction of civil proceeding and remedies in general : certainly it would not be in harmony with the declared opinion of this Court, that " the objects to be effected by the Act, invoke a liberal construction of its provisions." (2 Tex. R. 470 ; 3 Id. 164.) To call that a liberal construction, in furtherance of the remedy, which should deny parties the benefit of that remedy, merely because, for their mutual convenience, they had anticipated and provided in advance, against the necessity of a second trial, in the event of the disagreement of the arbitrators chosen by them, would be an abuse of terms. Such a construction of the statute might well suggest the application of the maxim, " *Qui hæret in litera, hæret in cortice.*" The law looks deeper than the mere shell or letter of a statute. It " respects the effect and substance of the matter, and not every nicety of form and circumstance." (Co. Litt. 283.) In interpreting a statute, " it is " not in general, a true line of construction to decide according " to the strict letter of the Act ; but the Courts will rather con- " sider what is its fair meaning, and will expound it differently " from the letter, in order to preserve the intent." (3 Rep. 27.) What is the substance of the provision to be complied with, construed according to its fair and obvious meaning and intent ? It is that each party shall choose an arbitrator ; and to ensure a decision, if they disagree, they shall select an umpire. (Hart. Dig. Art. 10, 12.) All this has been done. Can it make any difference in effect and substance, that, with the consent of parties, the arbitrators chose the umpire before they had disagreed ? Can that be deemed a fatal departure from any indispensable or essential requirement of the statute ? It seems, there was a disagreement ; for the award, though signed by all, purports to be the award of a majority. That majority must have been, either the two chosen by the parties ; in

which case there having been an umpire chosen was a merely unnecessary and immaterial matter ; or it was the concurrence of one of them with the umpire ; in which case the event must have happened, which rendered the choosing of an umpire necessary : and whether he was chosen before or after the disagreement, it would seem, was a matter equally unimportant and immaterial. Upon either supposition, the award was rendered precisely in the manner, which the statute contemplates. The course pursued was convenient and expedient ; ensuring a decision, without the trouble and expense of two trials : and convenience and expediency are always consulted in administering remedies in civil proceedings. .

It seems clear upon principle, that there was no material departure from the substantive provisions of the statute. But we find authorities in point, which are decisive of the question. It will not be denied that the same rule of construction should be applied to the words and provisions of the statute, as to those of an agreement to arbitrate in the absence of the statute. That is, the terms or words employed in the statute, should receive the same construction, as the same terms or words in an agreement, by which a case was submitted to arbitration. The rule of construction applicable to each, is, in this respect, the same ; they are to be alike construed according to the intention of the parties who made them. In the one case, we look to the intention of the Legislature ; in the other, to the intention of the parties to the contract or agreement.— The same intention must, in general, be collected from the same words, whether employed in a statute, or in a written agreement between parties. (9 B. & C. 752.) And in the case of Van Courtlandt v. Underhill, (17 John. R. 405,) where the agreement was to submit the matter in question to the decision of two persons, indifferently chosen by the parties, who were, in case of their disagreement, to choose a third, it was held that the arbitrators chosen might nominate an umpire, before ascertaining that they could not agree. So in the case

of Rigdon v. Martin, (6 Har. & J. 403,) where two arbitrators were appointed with authority to choose a third in case they should disagree, it was held the two might choose the third before they disagreed, and, if the award be signed by all three, it is of no importance whether he acted before, or after, or without any disagreement. Here the terms of submission, any material departure from which would be fatal to the award, as certainly contemplated the choosing of an umpire in the event of disagreement, as it can be supposed the words of the statute contemplate the happening of that contingency before the exercise of the privilege. But it was held that the time of choosing the umpire was wholly immaterial; and that it was of no importance whether he was chosen and acted before, or after, or without any disagreement. It cannot be doubted, that this is the good sense of the matter; and that a different interpretation would be, to adhere to the strict letter, regardless of the substance. According to these authorities, it would be no objection to the award, as a good statutory award, though the arbitrators had chosen the umpire before they disagreed or heard the evidence, even without the express consent of the parties. It would have been no material departure from the object and intention of the statute; which is to ensure the decision at all events. Certainly then, it was competent for the parties to anticipate and provide, in advance, against so probable an event as the disagreement of the arbitrators, chosen by them, and expressly to waive the necessity of first ascertaining by experiment, whether they would agree, before choosing an umpire. Their having done so can be no objection to the award.

It may be true, in point of fact, that, in entering into their agreement to arbitrate, the parties did not contemplate a proceeding under the statute. Whether they did or not, cannot be certainly known from anything in the record. Nor is it material. They proceeded under the statute, and have substantially complied with its provisions; and the award must,

consequently, be held to be a good, statutory award, capable of being enforced in the manner provided by the statute : that is, by being made the judgment of the Court. It may be true that the parties did not contemplate this mode of enforcing the award ; but their agreement of submission does not provide any other mode. It contains a stipulation that the money awarded shall be paid ten days after notice of the award served. They doubtless entertained the reasonable expectation that the unsuccessful party would comply, in good faith, with the terms of the agreement; and that there would be no necessity of any proceeding in Court to enforce it ; but not having done so, there was no alternative left the other party, but to resort to his legal remedy. It cannot be supposed, that the agreement to perform, and its breach by the defendant, can deprive the plaintiff of his right to pursue his legal remedy to enforce performance. That is the very reason why the law affords a remedy in such cases. It is the reasonable and fair supposition, that men will comply with their lawful agreements and undertakings ; but experience having shown that they do not always do so, the law has afforded the means of coercing compliance. If, in this case, as in the case of Owens v. Withee, (3 Tex. R. 161,) the parties had contemplated a different remedy from that given by the statute, by the very terms of the agreement, securing performance of the award by a penalty, there might be more reason to hold, that they had waived their right to enforce performance in the mode provided by the statute. But they have not done so ; but have simply agreed to perform within a specified time. In the absence of any express agreement to perform, the law would imply one ; and it is because of this implied agreement that the legal remedy is given where there is no express agreement ; but it would be quite preposterous to hold that an express agreement to perform an award within a specified time, would deprive the party entitled to demand performance, of the remedy provided in case of its breach.

The present is plainly distinguishable from the case of Owens v. Withee, before referred to. There, instead of three arbitrators, that is, two, with a third as an umpire, as the statute contemplates, seven were chosen and named in the agreement; which, moreover, provided that their award should be "final, under the penalty of two thousand dollars, for the forfeiture of the party failing to comply with said award."— The award was signed by five only of the arbitrators. The submission and proceedings in that case, were not at all in conformity to the statute; and, consequently, it was held that the award was not a good statutory award. But at the same time, it was held that the statute should receive a liberal construction. So also in Green v. Franklin, and other decisions of this Court, it has been held that awards are to be liberally and favorably regarded; and mere technical objections to them are not to be countenanced. Upon such principles, it is clear, the award in this case must be upheld. (1 Tex. R. 497; Id. 64; 2 Tex. R. 185; 11 Id. 404.)

We deem it unnecessary to consider separately the several other objections urged to making the award the judgment of the Court. We have heretofore decided that, although the parties to a statutory award have not reserved the right of appeal, and have stipulated that the award shall be final; still, the Court may refuse to enter judgment upon it, and may set it aside, for the causes for which a Court of Equity will set aside a common law award. But if it be not set aside for such cause, it must be made the judgment of the Court. To authorize the interference of a Court of Equity in the case of an award, we have held, there must appear to have been fraud in the party, or partiality, misconduct, or gross mistake on the part of the arbitrators. (Payne v. Metz, 14 Tex. R. 56.)— Where an award is within the submission, nothing, in a word, will be a sufficient objection to making it the judgment of the Court, under the statute, which would not be sufficient to set it aside in a Court of Chancery. There is no pretence that

the award in the present case was not within the submission :
and where that is the case, it is well settled by numerous de-
cisions, that a Court of Chancery will not set it aside, except
for partiality and corruption in the arbitrators, mistakes on
their own principles, or fraud and misbehavior in the parties.
(Brown v. Green, 7 Conn. 536 ; Ormsby v. Bakewell, 7 Ham.
1st Part, 98 ; Herrick v. Blair, 1 John. C. R. 101 ; Bumpass
v. Webb, 4 Porter, 65 ; Head v. Minor, 3 Rand. 122 ; Sher-
mer v. Beale, 1 Wash. Va. 11 ; Aylwin v. Perkins, 3 Dessau.
297 ; Fitzpatrick v. Smith, 1 Id. 340 ; Wheatley v. Martin, 6
Leigh, 62 ; Radcliffe v. Wightman, 1 McC. Ch. 408 ; 2 Story's
Eq. tit. AWARDS and notes ; 1 U. S. Eq. Dig. tit. ARBITRA-
MENT and AWARD IV.)   No such causes were opposed to mak-
ing the award the judgment of the Court in this case.   It was
proposed to impeach it by parol proof to the effect, that the ar-
bitrators had allowed the plaintiff compensation for services,
during a period, when he was not entitled to such allowance,
and did not claim it before the arbitrators ; and that they had
not given its due weight to the defendants' evidence, in sup-
port of their claim in reconvention.   This it was clearly not
competent to do.   In the case of The State, use, &c., v. Stew-
art et al, (12 Gill & J. 456,) where arbitrators returned an
award, subject to no exception, on its face, it was held that,
on a motion to set it aside, the Court will not receive parol
proof to control, or alter the terms of the submission, nor the
depositions of the arbitrators to show the character of the
items of which the award was composed, or that they had de-
cided upon a matter which, before the reference, had been fin-
ally adjudicated, and so was not within the submission.   Much
less will parol proof be admitted to prove in what manner, or
upon what part of the plaintiff's claim the arbitrators made
their allowance, or upon what part of it, in particular, the
party or his attorney claimed, before the arbitrators, that their
award should be made.   In the case just cited, the County
Court having set aside the award, the Court of Appeals re-

versed the decision, and entered judgment in conformity with the award. (Id. 468.)

The objections to the award in this case, taken together, amount, in substance, to this : that it was too favorable to the plaintiff, allowing him more than he was justly entitled to ; and too unfavorable to the defendants, in disallowing their claim in reconvention ; of which, they aver, there was sufficient evidence. If causes, such as these, were sufficient to set aside an award, there would seldom be one—certainly not in any litigated or contested case—which would be final. It is not impeached upon the ground of partiality, or corruption ; or any mistake in law or fact, on the part of the arbitrators ; misconduct in the party ; or any ground whatever, which has ever been held sufficient to set aside an award.— The grounds of impeachment amount to no more than mere errors in judgment ; which cannot be held sufficient to warrant setting it aside, or refusing to make it the judgment of the Court. That an award cannot be impeached merely for erroneous judgment, is well settled. (6 Harr. & J. 10.) Nor will a Court of law or equity interfere to disturb an award of arbitrators, on the ground of mere mistake of law or fact. To authorize an interference on the ground of mistake in judgment, the mistake must be very gross. (2 Hen. & M. 408 ; 4 Porter, 65 ; 2 Dev. Ch. 250 ; 1 U. S. Eq. Dig. tit. ARB. & AW. IV.)

The award is subject to no exception on its face ; nor is there anything in the record to impeach it. Being a good statutory award, and not impeached for any sufficient cause, the Court ought to have entered judgment upon it, as the statute directs. (Hart. Dig. Art. 13.) And because the Court erred in sustaining the objection to the award, and refusing to give judgment upon it, the judgment must be reversed, and such judgment be here rendered as the District Court ought to have rendered.

Reversed and reformed.

PETITION FOR REHEARING. The defendants in error respectfully ask a re-hearing in the above entitled cause ; and they submit the following propositions in support of their application :

That the statute providing for the settlement of disputes by conciliation or arbitration, should be liberally construed in order to carry out the object of the parties in arbitrating under the statute, we have never for a moment doubted., So said this Court in the case of Offeciers v. Dirks, Owens v. Withee, and other cases. In the argument of this cause, we said not one word against the correctness of this proposition ; but we did then attempt to assume the position, upon which the case was decided by the District Judge, and to which we now beg leave to call the attention of the Court, that in order for the District Court to have power to render a judgment against a party, such party must come before the Court in some form known to the law. There must be a suit in which the party against whom the judgment is proposed to be rendered, is a party ; or rather, there must be a case in Court, brought there in some of the modes known to the law. The Constitution, Art. 4, Sec. 10, provides that the District Court shall have jurisdiction of all suits, complaints and pleas, &c., where the matter in controversy shall be valued at or amount to one hundred dollars, exclusive of interest. And the Supreme Court has appellate jurisdiction only over such suits, &c. (Hart. Dig. Art. 2913.) Arbitration under our statute is a mode of suit, and a suit must be brought in the forms required by law. An arbitration may be perfectly good and binding, and the award of the arbitrators will be enforced by the Courts in a suit on the award, although the arbitration be not under the statute or in Court. To have a proper arbitration under the statute, there must be an agreement in writing to arbitrate under the statute. The statute provides (Hart. Dig. Art. 7,) that all persons consenting to submit any dispute, controversy or right of action, supposed to have accrued to either party, may, by an agreement

in writing by them signed as plaintiff and defendant, and filing the same with a Justice of the Peace, or if the amount in dispute and claimed exceed in value one hundred dollars, with the Clerk of the District Court, entitle themselves to the benefit and provisions of this Act. Now the arbitation agreement in this case was made and signed in the City of New York.— No person is named as plaintiff or defendant, and not one word is said about its being filed in any Court. No statement as to where the parties live or where the arbitration is to be had. No showing as to the amount claimed by either party. Each party is to choose one arbitrator and the two thus selected to choose a third, who all three are to try and determine the matter. Thus a mode of trial variant from and outside of the statute. " Testimony to be adduced on all points as in a Court of law and the same rules of evidence applied to the hearing thereof." Why these stipulations if the trial was to be under the statute, where the law would fix the rules of evidence ? It also provides for the examination of and action upon cross claims between the parties. Why this, when the law would have regulated the matter, if it was intended that the arbitration should be under the statute ? The amount awarded against either party to be paid in ten days after the award. This is entirely different from the statute, which provides that the Court shall enter judgment for the amount awarded, and upon which of course execution can issue as in other causes. Why provide for the number of arbitrators, when, if it was intended to be a statutory proceeding, the law fixes the number and mode of appointment and trial ?

Nor is there one word in this entire agreement that even squints at an arbitration under the statute ; on the contray, is it not patent on the face of it, that there was no intention that it should ever go into any Court, either District or Justice's ?

The award may be good as a common law award outside of the statute, and if so, the party has his remedy by suit, where the question as to the validity of the award could be made ;

but the fact that it may be a good award at common law is no reason or argument in favor of its validity as proper proceeding under the statute ; for it appears clear to us that if the arbitration agreement did not provide for or contemplate a statutory arbitration, the District Court could not have any jurisdiction over the matter ; and we have cited the different portions of the agreement to show that it did not in any single provision or word provide for or contemplate a statutory proceeding.

In the case of Owens v. Withee, (3 Tex. R. 164,) Judge Lipscomb delivering the opinion of the Court, says : " that " the parties intended to follow the provisions of the Act of the " Legislature, entitled, " An Act to authorize the settlement of " disputes by conciliation or arbitration," there can be no " doubt, and if the provisions of the Act have been substantial- " ly followed, the award should not be defeated for mere mat- " ter of defect in form." In this case the arbitration agreement provided that the arbitration should be "according to " the statute in such cases made and provided." In the case of Cox v. Giddings, (9 Tex. R. 46,) Judge Wheeler delivering the opinion of the Court, says : "It was doubtless the inten- " tion of the parties, to avail themselves of the provisions of the " Act of 1846, (Hart. Dig. p. 89,) in submitting the case to arbi- " tration." In both of these cases the parties provided for arbitration under the statute, on the face of their agreements. Yet the Court say in both cases, that the proceedings were void, because the parties had not in all things in their agreement followed the statute. They had undertaken to provide for more than three arbitrators, the number fixed by statute.— Now, one would suppose that the spirit and object of the statute was the settlement of disputes by amicable conciliation, yet the Court say that the shell of the statute must be preserved ; that three arbitrators and three only can be provided for by the arbitration agreement, or everything will be vitiated, although the parties in their agreement expressly provide

Forshey v. Railroad Company.

that the arbitration is to be under the statute. How much more, then, should a proceeding be held bad, where, from commencement to end of the agreement, it appears that the parties did not intend to act under the statute, and the stipulations are contrary to the statute.

But were we in error in relation to the foregoing proposition, still we say that this Court should not reverse the judgment of the Court below, and render a judgment against us for the amount of the award.

The proceedings show that we filed objections to the award, to which the plaintiff in error excepted. No action was taken on the exceptions or on our objections, except in so far as the objections went to the jurisdiction or power of the Court to act upon the matter, it not being a statutory award. The bill of exceptions taken by plaintiff in error states " that the Court " decided upon the face of the record and proceedings, that " this was not a submission in conformity with the statute en- " titled "An Act to authorize the settlement of disputes by " conciliation or arbitration ;" that the Court had no jurisdic- " tion of the matter." Now our laws allow parties to amend their pleadings, where they are defective ; and had the Court below sustained the exceptions filed to our objections, we would of course have been allowed to amend and set up the matters of objection to the award in such manner as would have allowed us to introduce proof that would undoubtedly have set aside the award ; but under the ruling of this Court in the case, we, having been so unfortunate as to have the opinion of the Court in our favor upon one point made by us, and which dismissed the cause, are now precluded from having the benefit of a chance to amend and present the case in a proper manner. Had the exceptions been sustained, and our objections decided to be badly taken, and we had not offered to amend, then we could have had no reason to complain of the action of this Court upon this branch of the cause ; but such was not the case, and we never had the opinion of the

District Court, except upon the single point which made a final disposition of the case. When the opinion of the District Court is against a party upon his pleadings, he has a chance to perfect them ; but certainly most unfortunate is his position, where the ruling of the Court below is in his favor, and the action of this Court is as in this case. Suppose, to a petition on a promissory note (the note attached to the petition) the defendant excepts and files a general denial, the District Court sustains the exception ; plaintiff appeals ; would not this Court, under the rule established or acted upon in this case, if the Court thought the petition good, proceed to render judgment for the plaintiff for his debt as shown by the note, and is such a proper rule of proceeding under our laws ?

We respectfully ask the attention of the Court to the positions—First : That the proceedings and award were not under the statute, and the Court below decided correctly in saying it had not jurisdiction in the matter. Second : If we are in error in this, then we most respectfully insist that the cause should be remanded, with leave to defendants in error to amend.

M. M. POTTER,<br>
<em>Attorney for defendants in error.</em>

WHEELER, J.  It may be doubted whether, in entering into their agreement to arbitrate, the parties had it in contemplation to proceed under the statute. There is nothing in the agreement, or in the record, which is decisive as to what their intention in that regard was at that time. Though the agreement was entered into in New York, it makes an express reference to the laws of Texas ; showing that it was the intention of the parties thereto, that the arbitration should take place in this State, and should be such as to be binding by the laws of the State. But it is unimportant whether, at that time, the parties had in view an arbitration under the statute, or not ; or whether they so much as knew that there was a statute

upon the subject. Having made an agreement to arbitrate, and finding that the statute provided a mode of proceeding under their agreement, whereby the award might be made the judgment of the Court, and thereby become, what their agreement contemplated and expressly stipulated it should become, a binding and final determination of the matters in controversy, it can not be doubted that it was their privilege and right to adopt and pursue the statutory remedy. It was not necessary that the agreement should contain any express reference to the statute ; or the declaration or expression of an intention to proceed under it. The statute does not require that it should. The agreement contains all that the statute requires. (Hart. Dig. Art. 7.) It was filed with the Clerk as the statute prescribes ; and the trial proceeded under and in pursuance of the statute. There was nothing to prevent the parties availing themselves of this mode of trial. Having done so, proceeding to a trial by arbitration and award under the statute, and in exact conformity to its requirements, they clearly are entitled to the full benefit of the remedy they have chosen to pursue. It is a mode of trial guarantied by the Canstitution, (Art. 7, Sec. 15,) and regulated by the statute ; and it is as effectual to settle finally and conclusively the rights of parties, as any other mode of trial known to the law. If parties see proper to try their causes in this mode, they must be bound by it. They may reserve the right of appeal, if they see proper ; (Hart. Dig. Art. 7 ;) but if not, the award is final ; and is to be made the judgment ef the Court, as a matter of course, (Id. Art. 13 ; Offeciers v. Dirks, 2 Tex. R. 468,) unless it is impeached for some cause, for which a Court of Chancery would set it aside. (Payne v. Metz, 14 Tex. R. 56.)

As respects the judgment which this Court should render, holding the award a good statutory award, there can be no question. The question in the District Court was upon making the award the judgment of the Court. That the Court was bound to do, as a matter of right and of course, unless suf-

ficient cause had been shown to the contrary ; which, not having been done, the proper and only judgment which the Court could legally render, was judgment for the plaintiff upon the award.    The judgment of the District Court having been reversed, because the Court did not render the proper judgment, the law requires that this Court " proceed to render such judgment or decree as the Court below should have rendered." (Hart. Dig. Art, 2913.)    In the case of Offeciers v. Dirks, (2 Tex. R. 471,) the cause was remanded with instructions to the Court below to enter the award as the judgment of the Court :    which is the same, in effect, as to render the proper judgment in this Court.    The more regular practice, under the statute, is for this Court to render the judgment.    (Hart. Dig. Art. 2913 ;   and see The State v. Stewart, 12 Gill & Johns, cited in the Opinion.)    If an award was a proceeding merely preparatory to a trial in the District Court, there would be some analogy between the present and the case put by counsel. But as it is, there is none.    The award is not a proceeding to bring a cause into the District Court for trial ; it is the result of a trial had before the arbitrators.    It is *res adjudicata* by the judgment of the arbitrators ; and unless an appeal has been reserved it is final, until set aside for cause.    The defendants were heard to urge their objections to the entry of judgment upon it.    Not having assigned any sufficient objection, the judgment must, of course, be entered.

We have attentively considered the argument in support of the application for a rehearing, and see nothing to suggest a doubt of the correctness of our former opinion.    Indeed, the case has seemed to this Court so entirely free from doubt or difficulty, that, but for the respect due the opinion of the Court below, and the argument of counsel in support of that opinion, we should not have deemed it necessary, or appropriate, to discuss the question, raised in argument, so much at length.

We are of the opinion that the application for a rehearing be disallowed.                              Rehearing refused.