## WILSON BROOKS v. ARETUS W. HICKS.

Affidavit by plaintiff's attorney, that the plaintiff is unable to give security for costs, is a sufficient answer to a rule on the plaintiff to give such security.

The intention of a statute, when plainly discernible from its provisions, is as obligatory as the letter, and will even prevail over the strict letter.

Error from Lavaca. Tried below before the Hon. Fielding Jones.

Suit by Wilson Brooks, plaintiff in error, against Aretus W. Hicks, for $300 damages for the wrongful taking and conversion to his own use, by said Hicks, of a bay horse, a gelding, of the value of $100. Citation issued, and returned executed. Answer filed. Motion by defendant for rule on plaintiff for security for costs, at Fall Term, 1855, and cause continued. Spring Term, 1856, affidavit by one of the attorneys for plaintiff, " that plaintiff, Wilson Brooks, is unable to give security for costs in this cause." Motion to dismiss for failure of plaintiff to comply with the rule for security for costs, sustained.

Bill of exceptions, showing that nothing was before the Court, except the affidavit.

*W. T. Rogers*, for plaintiff in error. I think the affidavit is sufficient. (See Hart. Dig. Art. 1379.) The Court below was doubtless misled by Art. 673, Hart. Dig. I think that the Act of 1846 applies to a very different class of cases from the Act of 1848. That of 1846 applies only to cases where a party wishes to sue *in forma pauperis*—when he is unable to pay costs—in which case the affidavit will entitle him to all process necessary to him free of costs. The Act of 1848 contemplates cases where the party is unable to give security, though he may be able to pay the costs of suit; in which case the affidavit would not exonerate him from the payment of the costs (although it would relieve him of giving the security.) And I think that because a rule had been entered against him at a previous Term of the Court, it could not vary his rights or prevent him from availing himself of the benefit of the Act of 1848. At the Term when

the rule was made, he may have thought himself able to comply with the rule, and after trying to do so, found that it was impossible; or he may have been able to give the security before the rule was entered, and afterwards, from some unfortunate circumstances, have been prevented.

WHEELER, J. The Clerk, before issuing any process in the case, might have required the plaintiff to give security for costs, unless he would make oath that he was unable to give such security. (Hart. Dig. Art. 1379.) But he issued the process without requiring the security, and without the affidavit. After having thus issued the process, can he, or the defendant, defeat it, and cause the suit to be dismissed by requiring the security, when the party makes the affidavit that he is unable to give security for the costs. We think not. That would be to defeat the manifest spirit and policy of the provision; which is to exempt a party from the operation of the rule for security for costs, who is unable to give it. That such is the object and intention of the provision is manifest; and that, when plainly discernible from the provisions of a statute, is as obligatory as the letter of the statute; and will even prevail over the strict letter. Literally, the provision applies to a suit " about to be commenced;" but its reason and policy apply equally to a suit already commenced and in progress. We are of opinion, therefore, that the affidavit that the party was unable to give the security, was an answer to the rule for security for costs; and that there was error in dismissing the case. The judgment is therefore reversed, and the cause remanded for further proceedings.

Reversed and remanded.