[No. 2913.]

BUD CHAPMAN *v.* THE STATE.

1. CONSTITUTIONAL LAW—JURISDICTION.—Jurisdiction over misdemeanor cases is conferred by the Constitution upon the county and justices' courts. The district courts can supercede the county courts in such jurisdiction only when so empowered in the manner prescribed in Article 5, section 22, of the Constitution. The act of March 16, 1883 (Laws of Eighteenth Legislature, page 24), divested the county court of Atascosa county of jurisdiction over criminal cases, and vested in the district court of said county exclusive jurisdiction over criminal cases then pending in said county court. *Held*, that, in this manner the said district court was constitutionally invested with jurisdiction over misdemeanor cases.

2. SAME—CONSTRUCTION OF A STATUTE.—The act of the Legislature referred to proceeds as follows: "And the district court shall have and exercise all the civil and criminal jurisdiction heretofore vested in said county court by the Constitution and laws, and *not* divested by this act." *Held*, that under the recognized rule of statutory construction, that "when the intention of a statute is plainly discernable from its provisions, that intention is as obligatory as the letter of the statute, and will even prevail over the strict letter," the word "not," as used in the act, which would otherwise defeat the plain intent of the statute, must be held to have been used by mistake, and should be disregarded in construing the said statute. See the opinion *in extenso* for the rule stated in other but consistent terms.

3. SAME.—The jurisdiction conferred by the act under consideration upon the district court, is the same divested out of the county court, as to all cases not then pending in said county court; that is, the jurisdiction as to cases not pending is not exclusive, but only concurrent with the justices' courts in cases over which the justices' courts have heretofore had jurisdiction. Succinctly stated, the act referred to does not, in any way, affect the jurisdiction of the justices of the peace of Atascosa county.

APPEAL from the District Court of Atascosa. Tried below before the Hon. D. P. Marr.

The conviction in this case, under which a fine of ten dollars was levied as punishment, was predicated upon an indictment which charged the defendant with betting at a monte bank.

The transcript brings up no statement of facts. The ground relied upon by the appellant in his motion for new trial was that the court erred in overruling his plea to the jurisdiction of the court. Upon that plea arose the questions discussed in the opinion.

*John A. & N. O. Green,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE.   This case being a misdemeanor over which, under the Constitution, the county and justices' courts have concurrent jurisdiction, exclusive of the district courts, the conviction cannot be sustained unless jurisdiction had been conferred upon the district court of Atascosa county under Article 5, section 22, of the Constitution.

We think this was done by the act of March 16, 1883. (Laws of Eighteenth Leg., p. 24.)   That act divests the county court of Atascosa county of jurisdiction over criminal cases.   It vests in the district court of said county *exclusive* jurisdiction over criminal cases then *pending* in said county court.   It then provides in the following language: "And the district court shall have and exercise all the civil and criminal jurisdiction heretofore vested in said county court by the Constitution and laws, and *not* divested by this act."   The word *not,* which we have italicized, evidently was placed where it is found through mistake.   If we are to regard it as a word intentionally placed there, its effect would be to defeat entirely the manifest intention and purpose of the statute.   It directly conflicts with the other provisions of the act.   It confers upon the district court all jurisdiction *not* divested out of the county court, and the only jurisdiction not so divested is that pertaining to probate matter, to issue certain writs, to punish contempts, and to determine questions of eminent domain in certain cases.   All other jurisdiction which said county court formerly had *is* expressly divested out of it by the same act.   If this word *not* is left out of the sentence, then

the provisions of the act harmonize, and the intent of the Legislature is accomplished.

Are we at liberty, in construing the statute, to disregard this word in order that the plain intent of the law may be made to prevail? We think we are. When the intention of a statute is plainly discernable from its provisions, that intention is as obligatory as the letter of the statute, and will even prevail over the strict letter. (*Brooks* v. *Hicks*, 20 Texas, 666; *Forshey* v. *R. R. Co.*, 16 Texas, 516.) A thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter, and a thing which is within the letter is not within the statute unless it be within the intention of the makers. (*Holmes* v. *Casley*, 31 N. Y., 290; *Chase* v. *R. R. Co.*, 26 N. Y., 523.) In construing a statute the principal object should be to arrive at the intention of the Legislature. Such construction ought to be given the statute as will best answer the intention which its makers had in view. Whenever the intention can be discovered, it ought to be followed, although it may seem to be contrary to the letter of the statute. (*People* v. *Utica Ins. Co.*, 15 John. R., 358, 380; Sedgw. on Con. and Stat. Law, p. 225 *et seq.*; Potter's Dwarris on Stat., p. 174 *et seq.*)

We are of the opinion that the court did not err in overruling defendant's plea to the jurisdiction. It was competent for the Legislature to divest the county court of its criminal jurisdiction, and to vest that jurisdiction in the district court. (*Mora* v. *The State*, 9 Texas Ct. App., 406.) This, we think, was accomplished by the act of March 16, 1883.

We are further of the opinion that the jurisdiction thus conferred upon the district court is the same divested out of the county court, as to all cases not then pending in said county court; that is, that the jurisdiction is not *exclusive*, but only *concurrent* with justices' courts, in cases over which justices' courts have heretofore had jurisdiction. In other words, we do not think that the act referred to in any way affects the jurisdiction of the justices of the peace of Atascosa county, but that they have the very same jurisdiction now that they had before the passage of said act.

We have discovered no error in the conviction, and the judgment is affirmed.

*Affirmed.*

Opinion delivered April 30, 1884.